## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BRIAN ARTHUR WEESE      *

Plaintiff      *

v      *      Civil Action No. PWG-17-2584

STATE OF MARYLAND      *
*Doing business as Julie White*
     *

Defendant
     ***

## ORDER

Plaintiff Brian Weese filed this complaint for fraud on September 6, 2017, and paid the full $400 filing fee. Weese references a Maryland State case number in his complaint (18K09000458) and appears to claim that there is contract or trust that was somehow breached by State officials. Compl. 9, ECF No. 1. The case number matches that of a criminal case against Weese in the Circuit Court for Saint Mary's County in which Weese was charged with second degree rape, second degree sex offense, and sexual abuse of a minor. *See State of Maryland v. Weese*, Case No. 18K09000458 (Cir. Ct., St. Mary's Co., Md).[1] The electronic docket for the state case indicates that Weese pled guilty to the second degree sex offense charge on February 23, 2010, and received a sentence of 16 years with 8 years suspended followed by 5 years of probation. *Id.* The disposition on the remaining two charges indicates "nolle prosequi." *Id.*

Weese alleges that:

Julie White, and/or their successors, representing the Court d/b/a: St. Mary's County, knowingly and willingly, allow the STATE OF MARYLAND to proceed against the Secured Party, committing a malfeasance of justice, through

---

[1] http://casesearch.courts.state.md.us/inquiry

negligence and/or inadvertence to secure and present the Proper Parties, e.g. "THE STATE OF MARYLAND" serve proper service of process on presentment or Indictment of a duly constituted Grand Jury, contrary to both State and Federal Constitutions. This Court did, in fact, "charge" Brian Arthur Weese, a DEBTOR (hereinafter and in any context relating to any action "Debtor"), and a governmentally created Fiction, existing for Commercial purposes only, existing in contemplation of Law, and non-existent.

This Secured Party is the Holder-In-Due-Course and has established an un-rebuttable Superior Claim over that of the STATE OF MARYLAND, concerning the Debtor. Furthermore, STATE OF MARYLAND cannot state a claim against DEBTOR Brian Arthur Weese.

Compl. 11. Based on this and other similarly worded allegations,[2] Weese seeks an order vacating his criminal conviction, discharging him from "the custody of any/all STATE OF MARYLAND AGENCIES," as well as compensatory and punitive damages from Ms. White, who Weese states is the current State's Attorney. *Id.* at 12.

The complaint parrots the language of the now infamous "flesh and blood" movement, similar to the beliefs and rhetoric espoused by the American Moorish and Sovereign Citizen[3] movements, all of which have been uniformly rejected as legally frivolous by this and other Courts across the country. *See United States v. Mitchell*, 405 F. Supp. 2d 602, 604 (D. Md. 2005) (describing "flesh and blood defense" and its anti-government roots), *see also United States v. Singleton*, 2004 WL 1102322, at *3 (N.D. Ill. May 7, 2004) (denying motion to dismiss for lack of jurisdiction based on argument that defendant was "a flesh and blood man."), *United*

---

[2]     Weese attaches to the complaint 152 pages of exhibits. One such exhibit appears to be a "notice" Weese served on Ms. White stating in part that "[b]ecause the Court has dealt with a *corporate entity* and not the filed Secured Party/Creditor (natural man) and failed to serve *NOTICE* that it was doing so . . . it has effectively created a 'fault;' . . . as well as a breach of 'good faith.'" ECF 1-1 at p. 2, citing UCC §§1-201 (16), (26) &(27); 5-102(n) (emphasis in original).

[3]     "So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011).

*States v. Secretary of Kansas*, 2003 WL 22472226 (D. Kan. Oct. 30, 2003) (criminal defendant who filed a lien against property owned by federal judge sought dismissal of injunctive action filed by United States because he was "a flesh and blood man."), *Brown v. United States*, 105 F.3d 621 (Fed. Cir. 1997) (describing an attempt to avoid payment of federal income taxes); *United States v. Schneider*, 910 F.2d 1569 (7th Cir.1990) (describing an attempt to present a defense in a criminal trial); *Bryant v. Wash. Mut. Bank*, 524 F.Supp.2d 753 (W.D.Va. 2007) (describing an attempt to satisfy a mortgage). Even allowing for liberal construction and the possibility that Weese is attempting to raise a novel claim, the assertions in the instant complaint are void of any legal basis upon which the relief sought might be granted.

Weese is neither a prisoner nor is he proceeding in forma pauperis, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2006) permitting sua sponte dismissal of complaints which fail to state a claim are inapplicable. *See Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000); *Porter v. Fox*, 99 F.3d 271, 273 n.1 (8th Cir. 1996). This Court, however, has the inherent authority to dismiss frivolous complaints even when the filing fee has been paid. *See, e.g., Mallard v. United States Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *Fitzgerald v. First E. Seventh St.*, 221 F.3d 362, 364 (2d Cir. 2000). Additionally, this Court lacks subject matter jurisdiction over a frivolous claim making dismissal prior to service permissible. *See Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181–83 (7th Cir. 1989); *Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342–43 (9th Cir. 1981). Indeed, to permit the instant complaint to go forward for service is to enable needless harassment of State officials whose time and energy are

undoubtedly better spent discharging their official duties. This Court declines to provide a conduit for such a waste of public resources as is invited by the instant complaint.

Accordingly, it is this _9th_ day of December, 2017, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The complaint IS DISMISSED as frivolous;

2. The Clerk SHALL PROVIDE  a copy of this Order to Plaintiff; and

3. The Clerk SHALL CLOSE this case.


Paul W. Grimm
United States District Judge